IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| PRINCE MCCOY, SR., TDCJ-CID No. 00852958, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:19-CV-024-Z-BR |
| RIC VOGELGESANG et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed February 4, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On June 17, 2019, Plaintiff filed an Amended Complaint that supplemented his original Complaint. *See* ECF No. 6. Based on the claims in the Complaint and Amended Complaint, the Court ordered the Texas Attorney General to submit a Martinez Report concerning Plaintiff's medical treatment. *See* ECF No. 12. For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint and Amended Complaint.

**FACTUAL BACKGROUND**

Plaintiff alleges that during his time incarcerated at TDCJ, Defendants have repeatedly been deliberately indifferent to his medical needs as an insulin-dependent diabetic with comorbidities. ECF Nos. 3, 6. Plaintiff states he suffers periodic episodes of hypoglycemia and

TDCJ staff regularly ignore his needs, causing his condition to deteriorate. ECF No. 3 at 3–4; ECF No. 6 at 5–16. Plaintiff also alleges his diabetes-related grievances are ignored or improperly handled. ECF No. 6 at 1–6.

**LEGAL STANDARD**

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

interfering with the treatment once prescribed." *Id.* Medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). A delay in medical care can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Deliberate indifference "is an extremely high standard to meet." *Hernandez v. Tex. Dep't of Protective & Regul. Servs.*, 380 F.3d 872, 882 (5th Cir. 2004). ("We begin by emphasizing that our court has interpreted the test of deliberate indifference as a significantly high burden for plaintiffs to overcome."). A prison official acts with deliberate indifference "only if (A) he knows that inmates face a substantial risk of serious bodily harm and (B) he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Reeves v. Collins*, 27 F.3d 174, 176–77 (5th Cir. 1994). Unsuccessful medical treatment, acts of negligence or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Hall v. Thomas*, 190 F.3d 693 (5th Cir. 1999); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir.1999); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). The Fifth Circuit defines a "serious medical need" as "one for which treatment has been recommended or for which the

need is so apparent that *even a layman* would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12 (emphasis added).

The Court has reviewed the medical records submitted by the Attorney General with the Martinez Report. *See* ECF No. 12-1 through 12-21. These records indicate medical staff regularly treat Plaintiff's diabetes. *See id.* Plaintiff filed a response to the Martinez Report. *See generally* ECF No. 13. Plaintiff contends that — despite some treatment by TDCJ — he has regularly passed out from low blood sugar after delayed responses to "low sugar" blood finger sticks. The Court recognizes the management of a complicated, chronic condition — such as diabetes — in prison is not ideal. Plaintiff has continued and complex medical needs that must be addressed. However, the Martinez Report response and medical evidence do not evince a wanton disregard for the medical needs of Plaintiff. Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court **DISMISSES** Plaintiff's Complaint and Amended Complaint.

## CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint and Amended Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED.**

February 18, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE